### HELMRATH v. UNITED STATES.

(Circuit Court. D. Massachusetts. May 26, 1903.)

No. 1,121.

1. CUSTOMS DUTIES—CLASSIFICATION—LEATHER—SKINS FOR MOROCCO—SHEEP-SKINS.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 438, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "skins for morocco," is not limited to goatskins, but includes also certain sheepskins known as "New Zealand basils," or "Cape sheepskins."

On application by the importer to review a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of Boston on the importation in question.

The decision of the board was an unpublished one, following In re Goat & Sheepskin Importing Company, G. A. 4835, which reads as follows:

"FISCHER, General Appraiser. The merchandise in question consists of tanned, but unfinished, sheepskins, which were returned for duty by the local appraiser as 'leather not specially provided for.' Duty was assessed thereon at the rate of 20 per cent. ad valorem, under the provisions of paragraph 438 of the act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 (U. S. Comp.

St. 1901, p. 1676). The importer claims said merchandise is dutiable at the rate of 10 per cent. ad valorem, under the provisions of said paragraph, as 'skins for morocco, tanned but unfinished.' These are skins of the sheep known as 'New Zealand basil' or 'Cape sheep.' The evidence fully convinces us that the morocco leather of commerce is made only from the skins of goats, and that the class of leather made from the kinds of skins before us is not known as morocco, but is known as imitation morocco. Commerce clearly distinguishes between the two. When morocco leather is asked for, leather made from goatskins is clearly intended, and when dealers buy leather made from sheepskins it is designated as imitation morocco. Upon all the evidence before us, we find that the articles in question are not skins for morocco, and overrule the protest. Reference is made to the case of United States v. Stone, 101 Fed. 713, 41 C. C. A. 624, wherein the United States Circuit Court of Appeals held that paper known commercially as 'imitation parchment paper' was not dutiable as parchment paper, but as paper not otherwise provided for."

On proceedings to review this decision before the Circuit Court much evidence additional to that before the board was taken in behalf of the importer, eight or nine witnesses being examined, whose evidence showed that, while goatskins are chiefly used for making morocco, certain kinds of sheepskins, particularly the kind in question, known as "New Zealand basils," or "Cape sheepskins," are not only chiefly used for this purpose, but almost exclusively.

J. Stuart Tompkins and Charles P. Searle, for the importer.
Mr. Garland, Asst. U. S. Atty.

COLT, Circuit Judge. By the great preponderance of evidence in this case, a large proportion of which was not before the Board of General Appraisers, the importations in question are shown to be "skins for morocco, tanned but unfinished," and therefore dutiable at 10 per cent. ad valorem, under Act July 24, 1897, c. 11, § 1, schedule N, par. 438, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676). It follows that judgment must be entered for the petitioner.

Judgment for the petitioner.

## Order.

The court finds that the term "skins for morocco" is not a commercial or trade term or designation definitely, uniformly, or generally used in the United States, and applied to the class of merchandise in controversy. The court further finds that "skins for morocco," in the commercial sense of the term, describes the merchandise in controversy. Upon the foregoing findings of fact the court rules that the merchandise in question is properly dutiable at 10 per cent. ad valorem, under paragraph 438 of the tariff act of 1897, as "skins for morocco, tanned but unfinished."